**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br>Justin Wade Burgess,<br>                       Debtor | Chapter 7<br>Case No. 19-20092 |
| Justin Wade Burgess,<br>                       Plaintiff<br>v.<br>JPMorgan Chase Bank, N.A.,<br>                       Defendant | Adv. Proc. No. 19-2014 |

**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE**
**AND DENYING PLAINTIFF'S ATTEMPT TO ESTABLISH DEFENDANT'S DEFAULT**

On April 23, 2020, this Court issued an order denying the Plaintiff's request for reconsideration [Dkt. No. 53] (the "Order Denying Reconsideration"). The Plaintiff then filed a notice of appeal and, in his notice, specified the Order Denying Reconsideration as the only order or judgment being appealed. [Dkt. No. 55.]

There are three matters presently before the Court, the first of which relates to the record on appeal. Under the Federal Rules of Bankruptcy Procedure, an appellant is required to designate items for inclusion in the record. *See* Fed. R. Bankr. P. 8009(a)(1). The appellee is also afforded the right to designate items for inclusion. *See* Fed. R. Bankr. P. 8009(a)(2). The entire point of this effort is to create a record for the appellate tribunal so that it may understand exactly what was considered, or able to be considered, by the trial court in reaching the decision on appeal. In many

instances, the record on appeal is created by the parties without much fuss.  This proceeding has proved an exception to that norm.

On August 28, 2020 the Plaintiff submitted a document titled Appellant's Amended Designation of the Record #2 [Dkt. No. 95] ("Second Amended Designation").[1]  In his Second Amended Designation, the Plaintiff purports to strike from the appellate record all of the Defendant's submissions to this Court based on the Defendant's alleged lack of "standing." *See* [Dkt. No. 95, ¶ 17].  He also attempts to add to the record documents identified as Exhibits A and B, along with certain items from the docket of this adversary proceeding consisting of the documents that appear at Docket Nos. 85, 86, 86-1, 88, and 89.  [Dkt. No. 95, ¶ 20.]  Exhibit A—titled "Affidavit of Facts, Notice of Defendant Default, Order # 88 is Void Without Timely Requisite Response to Cure"—appears to be an effort to introduce allegations and arguments into the appellate record concerning the viability of this Court's Order Denying Motion to Vacate [Dkt. No. 88], which was issued on August 18, 2020, several months after the date of the Order Denying Reconsideration.  Exhibit B appears to show that the Plaintiff emailed the document marked as Exhibit A to the Defendant, this Court, and the Bankruptcy Appellate Panel on or about August 24, 2020.

---

[1]  The Federal Rules of Bankruptcy Procedure provide procedures for the correction or modification of appellate record, but do not generally contemplate serial amendments to the appellate record.  *See* Fed. R. Bankr. P. 8009(a) & (e).  The Second Amended Designation was filed after: (1) the Plaintiff submitted an initial designation of contents for inclusion in the record on appeal [Dkt. No. 65], which was stricken by the Bankruptcy Appellate Panel by an order directing the Plaintiff to file a more specific, amended designation [Dkt. No. 70]; (2) the Plaintiff filed an amended designation of the appellate record [Dkt. No. 72], which was terminated by the Clerk's office because it was unsigned; (3) the Bankruptcy Appellate Panel issued a conditional order of dismissal requiring the Plaintiff to submit a signed amended designation of the record no later than August 11, 2020 [Dkt. No. 83]; (4) the Plaintiff timely filed a signed, amended designation of the record [Dkt. No. 85]; (5) the Defendant filed an amended counter-designation of items to be included in the record on appeal [Dkt. No. 90]; and (6) the Clerk's office transmitted the record on appeal to the Bankruptcy Appellate Panel [Dkt. No. 93].

The Defendant has moved this Court for an order striking portions of the Second Amended Designation [Dkt. No. 98] ("Motion to Strike").  In the Motion to Strike, the Defendant specifically asks the Court to strike the documents that appear at Docket No. 95-1, documents that the Plaintiff marked as Exhibit A and Exhibit B.  In support of this request, the Defendant asserts that those documents have not been otherwise docketed in this adversary proceeding and are therefore not properly designated as part of the record.

The Plaintiff has responded with a document titled Objection to the Motion to Strike and Plaintiff Affidavit for BAP 20-16 Support of Like Manner Writ of Mandamus for Proof of Standing of Defendant and Lower Court.  [Dkt. No. 104.]   In this document, he urges that the Motion to Strike must either be ignored or denied "for want of Defendant and lower court standing."  Id.

After reviewing the docket of this adversary proceeding, the Court agrees that Plaintiff's Exhibit A and Exhibit B were not submitted to this Court prior to the entry of the Order Denying Reconsideration.  As a result, those documents could not have been considered by the Court when it issued the order currently on appeal.  The Defendant's Motion to Strike is therefore GRANTED, and the documents that the Plaintiff styles as Exhibit A and Exhibit B are hereby STRICKEN from the record on appeal.  This relief is granted under Fed. R. Bankr. P. 8009(e).  Under that rule, this Court is tasked with settling any differences about "whether the record accurately discloses what occurred in the bankruptcy court" and resolving motions to strike items from the record on appeal.  Fed. R. Bankr. P. 8009(e).  Despite the Plaintiff's contentions to the contrary, the procedure specified in Rule 8009(e) "represents an exception to the general rule that the bankruptcy court ceases to have jurisdiction of the matter once an adversary proceeding . . . has been appealed."  10 Collier on Bankruptcy ¶ 8009.10 (16th ed. 2020) (foot note omitted).

The second matter before the Court also relates to the record on appeal. On September 16, 2020, the Plaintiff filed a document titled Appellant's Amended Counter-Designation of Items to be Included in the Record on Appeal #3 [Dkt. No. 105] ("Third Amended Designation"). Although the Defendant has not moved to strike any of the items included in the Plaintiff's Third Amended Designation, the Court concludes that the Third Amended Designation is not a proper attempt to correct or modify the record under Rule 8009(e). The items included in the Third Amended Designation—Dkt. Nos. 97, 101, and 102—suffer from the same defects as the items stricken from the Second Amended Designation. They were not, and could not have been, considered by this Court before it issued the Order Denying Reconsideration. For this reason, the items included in the Third Amended Designation will not be transmitted to the Bankruptcy Appellate Panel as part of the appellate record.

The third matter presently before the Court consists of the Plaintiff's latest attempt to establish a "default" by the Defendant. Specifically, the Plaintiff has filed a document titled "Judicial Notice, Certification of Defendant Default, Order #88 is Void for Want of Facts and Authority" [Dkt. No. 101] ("Judicial Notice and Certification"). The Defendant has objected to this attempt [Dkt. No. 108], and the Plaintiff has filed an "objection" to the Defendant's objection [Dkt. No. 111]. The Defendant's arguments about the Judicial Notice and Certification are well-founded. For the reasons set forth in the Defendant's objection, to the extent that the Judicial Notice and Certification contains cognizable requests for relief (and that is doubtful), all such requests are denied with prejudice to any similar requests that may be made by the Plaintiff in the future. Should the Plaintiff renew his efforts to establish that the Defendant is in "default" because it did not respond to his "Reply with Affidavit of Facts to Strike," the Court will assume that the Defendant objects to that relief for the reasons it has already articulated. In addition, if the Plaintiff files any

further motions, pleadings, or other documents in this case related to the Defendant, then the Defendant need not file a response, notwithstanding the requirements of D. Me. LBR 9013-1(e). If the Plaintiff seeks relief adverse to the Defendant, that relief will not be granted until after (a) the Court issues an order directing the Defendant to respond; or (b) the Court holds a hearing at which the Defendant may appear and be heard.

    Due to his pro se status, the Plaintiff has been extended significant latitude with respect to the documents he has submitted for filing in this proceeding. Going forward, if the Plaintiff wishes to seek relief from this Court, he will be required to file a motion requesting specific forms of relief and identifying any authorities supporting the relief requested. Each motion "must be accompanied by a proposed form of order." D. Me. LBR 9013-1(c). The Plaintiff's motions must not exceed seven pages in length; anything in excess of that page limit will not be considered by the Court.

Date: October 6, 2020

                                    Michael A. Fagone
                                    United States Bankruptcy Judge
                                    District of Maine